**Nancy CAVENY, Plaintiff,**

v.

**CIBA–GEIGY CORPORATION,
Defendant.**

Civ. A. No. 90–M–1885.

United States District Court,
D. Colorado.

Nov. 30, 1992.

John Oppenheim, Weaver, Oppenheim & Wittebort, P.C., Englewood, CO, for plaintiff.

David J. Richman, Joseph S. Berman, Coghill & Goodspeed, P.C., Denver, CO, for defendant.

MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This is a wrongful death action in which the plaintiff surviving spouse of Francis Dale Caveny alleges that his death resulted from aplastic anemia caused by taking the drug Voltaren manufactured and marketed by the defendant, CIBA–GEIGY Corporation. While five claims for relief are asserted in the complaint, all of them are based on the contention that Voltaren was sold without adequate warnings. The defendant moved for summary judgment upon the contention that the warnings and disclosures in its package insert are adequate as a matter of law.

It is agreed that Voltaren is a non-steroidal anti-inflammatory drug (NSAID) prescribed by physicians to reduce pain and inflammation. It is a prescription drug, obtainable only when prescribed by a physician. The defendant has produced the affidavit of Bernard Engel, M.D., the treating physician who prescribed Voltaren for Francis Caveny. In that affidavit, Dr. Engel informs that he treated Mr. Caveny in January, 1988, and prescribed Motrin, also an NSAID which Mr. Caveny used without any adverse reaction or side effect. Dr. Engel further advised that in October, 1988, he again treated Mr. Caveny with Indocin, another NSAID, for a condition diagnosed as gout.

Mr. Caveny was again treated by Dr. Engel on January 13, 1989, for pain in the medial aspect of his left knee and swelling of the knee. Dr. Engel advised in his affidavit that a rheumatoid arthritis profile was drawn and pending the results of the tests prescribed Voltaren for relief of pain and suffering thought to be secondary to osteoarthritis.

Dr. Engel said in his affidavit that before prescribing Voltaren for Mr. Caveny, Dr. Engel read the package insert and discussed the use of the medication with the pharmaceutical representative for Voltaren. Dr. Engel also said that he had used that medication on three other patients, at their request, without any adverse side effects. Dr. Engel noted that the package insert indicated that there had been no prior incidence of aplastic anemia in the clinical trials and that based on the patient's prior experience with NSAIDs he felt it was appropriate to pre-

scribe Voltaren for his osteoarthritic condition.

Dr. Engel next saw Mr. Caveny on April 21, 1989, with symptoms indicating aplastic anemia and that was the ultimate diagnosis.

The defendant has produced its package insert in which it disclosed that aplastic anemia is a possible adverse reaction with an incidence less than 1% and a causal relationship probable. That disclosure includes that this adverse reaction and others were reported only in the literature and not seen in clinical trials and is considered rare.

The defendant also produced an affidavit from Dr. Michael H. Schiff, a physician board certified by the American Board of Internal Medicine and Rheumatology, who opined that Voltaren is an effective drug in acute and chronic treatment of the signs and symptoms of osteoarthritis, rheumatoid arthritis and other inflammatory ailments which he regularly prescribed for patients experiencing such conditions. Dr. Schiff also gave his opinion that aplastic anemia is a reported possible adverse reaction in most NSAIDs and that any physician prescribing such drugs for treatment of arthritis must weigh the risks against the benefits.

To create a genuine issue of material fact, the plaintiff has submitted the affidavit of Daniel Teitelbaum, M.D., a medical doctor with a specialty in the field of toxicology. Dr. Teitelbaum said in his affidavit that upon his review of the new drug application for Voltaren, all adverse reactions related to it, published literature related to it, the Physician's Desk Reference and Francis Caveny's medical records, the defendant's warning was inadequate because it should have contained language stating that Voltaren should be the drug of last resort for symptomatic treatment of such minor disorders as the arthritis diagnosed in him; that there should have been a detailed discussion of the potential fatal side effect of aplastic anemia and that the discussion should have been more prominently displayed in the Physician's Desk Reference and package accompanying the drug. Dr. Teitelbaum also opined that the warning for Voltaren was lacking in the sense of urgency insofar as the defendant knew that

aplastic anemia is a fatal side effect of Voltaren.

 The claim of inadequate warning in this case must be considered in the context of this product as an ethical drug available only by prescription from a qualified physician. *Hawkinson v. A.H. Robins Co., Inc.,* 595 F.Supp. 1290, 1309–10 (D.Colo.1984). A warning is adequate when it explains to the physician the risk which the plaintiff is asserting to be associated with the drug and which caused the death. It is the responsibility of the physician as a learned intermediary to assess the risks and benefits of a particular course of treatment. *Ferrara v. Berlex Laboratories, Inc.,* 732 F.Supp. 552 (E.D.Pa.1990) and *Wooten v. Johnson & Johnson, Products, Inc.,* 635 F.Supp. 799 (N.D.Ill.1986). The affidavit of Dr. Teitelbaum does not contradict the statements in the package insert concerning the incidence of aplastic anemia or the failure to find it as an adverse reaction in the clinical trials of this drug. Accordingly, the argument in this case is that the warning should be stronger. The contention that it is the drug manufacturer's responsibility to warn that the use of its drug should be considered only as a last result for a particular condition is contrary to the law. The physician, not the drug company, has the responsibility to evaluate and compare risks and benefits. It is this court's view that the affidavit of Dr. Teitelbaum is insufficient to raise an issue of material fact as to the adequacy of the warning in this case. Accordingly, it is

ORDERED that the defendant's motion for summary judgment is granted and a judgment of dismissal of this action will enter.